## CARNEGIE STEEL CO. v. YUHASZ.

(Circuit Court of Appeals, Second Circuit.   June 8, 1915.)

No. 271.

1. MASTER AND SERVANT ⊙⇒278, 281—INJURIES TO SERVANT—SUFFICIENCY OF EVIDENCE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In an action for injuries to a servant, evidence *held* to justify the jury in finding that the master's foreman was negligent in ordering a craneman to drop a piece of iron, when it was not safe to do so, and that the employé was not contributorily negligent.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977, 987–996; Dec. Dig. ⊙⇒278, 281.]

2. MASTER AND SERVANT ⊙⇒182, 190—INJURIES TO SERVANT—LIABILITY OF MASTER—NEGLIGENCE OF FOREMAN.

A corporation is liable, both at common law and under the express provisions of the Pennsylvania statute, for the negligence of its foreman in giving an improper order, which results in injuries to an employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372, 449–474; Dec. Dig. ⊙⇒182, 190.]

In Error to the District Court of the United States for the Southern District of New York.

On writ of error to review a judgment of the District Court for the Southern District of New York entered upon the verdict of a jury for $5,000 in favor of the plaintiff, as damages for an injury to the plaintiff's left eye while working for the defendant in its stockyards at Homestead, Pa.

Raynal C. Bolling, of New York City (Kenneth B. Halstead, of New York City, of counsel), for plaintiff in error.

L. B. Treadwell, Roger Foster, and R. W. Darling, all of New York City, for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. [1] The jury found that the plaintiff was injured by a particle of iron which flew into his left eye by reason of the negligence of the defendant, acting through its foreman McDonald, in ordering the craneman, Feeny, "to drop" a piece of pig iron, which had adhered to the crane, at a time and place likely to injure the plaintiff. In its fall of about 20 feet it struck a "buggy," causing a chip to fly off which injured the plaintiff's eye.

The question of the defendant's negligence and the contributory negligence of the plaintiff were questions of fact for the jury and were properly submitted to them. There can be no doubt that if the foreman gave an improper order, which order resulted in the injury to the plaintiff, the defendant is responsible. There can be little question that the foreman's order meant that the craneman Feeny was to drop the piece of iron which had adhered to the crane, by reversing the current and demagnetizing the magnet so that the piece of iron would fall. The evidence is that when this adhering iron was in a dangerous position in relation to the plaintiff, the foreman gave the order to the craneman in the following words, "Mike, drop it."

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is urged by the defendant that this order meant "Drop it in the proper way," but that is not what the foreman said. His order was mandatory to "drop it" then and there and it was obeyed. The crane-man was not in a position to see the entire situation. He says:

"I can see the bottom of the magnet from my cab. Not right on the bottom but just right on the side, the same as a glass. I cannot see the bottom, it has a flat bottom. I can see when I raise it up."

He had a right to rely on his superior and when the foreman said "drop it," he very naturally obeyed. He had no other alternative. It was his duty to obey and to obey promptly. The defendant seeks to have this peremptory order interpreted as if the foreman had said, "Drop it when you think it safe to do so" or "Drop it when it is clear of the buggies." The order was certainly susceptible of the first interpretation, namely, "Drop it immediately," and the jury were justified in so finding. It is manifest that it cannot be held as matter of law that the order meant that Feeny was to drop the iron when he thought he could do so with safety.

So also the question of contributory negligence was for the jury. The court could not have said as matter of law that the plaintiff was negligent in standing where he did and in not turning his back to the crane. The plaintiff had no reason to suspect that the iron would be dropped in so dangerous a place and in a manner so careless. Both questions were for the jury and not for the court.

[2] Judge Rudkin charged the jury correctly upon the questions of assumption of the risk and contributory negligence. There can be no doubt as to the liability of the defendant for the negligence of the foreman. This would be so at common law, but the Pennsylvania statute removes any possible doubt on the subject. It says the employer shall be liable for:

"Neglect of any person engaged as * * * foreman, or any other person in charge or control of the works, plant or machinery; the negligence of any person in charge of or directing the particular work in which the employé was engaged at the time of the injury; * * * the act of any fellow servant, done in obedience to the rules, instructions or orders given by * * * any other person who has authority to direct the doing of said act."

The case was fairly tried throughout and the verdict was a reasonable one considering the gravity of the injury, and we see no reason why it should be disturbed.

The judgment is affirmed with costs.